UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

ANGELES CHEMICAL CO., INC.,

    Plaintiff,

    v.

McKESSON CORP., et al.,

    Defendants.

CASE NO. C06-0199C

No. 2:01-cv-10532-TJH-E (C.D. Cal.)

ORDER

    This matter comes before the Court on the motion by non-party Univar USA, Inc. ("Univar") for a protective order. (Dkt. No. 5.) Univar seeks an order limiting its production of documents in response to subpoenas duces tecum served by Plaintiff Angeles Chemical Company ("Angeles") in the course of an underlying case pending in the Central District of California. Having considered the voluminous memoranda, declarations, and exhibits submitted for and against Univar's motion, the Court will DENY the motion for the following reasons.

**I.    BACKGROUND**

    This dispute arises out of a large, complex environmental case pending in the Central District of California since December 2001. (Case No. 2:01-cv-10532-TJH-E (C.D. Cal.).) The Court need not recite the substance of the underlying case, except to note that the present discovery dispute is only the

ORDER – 1

most recent of an apparently long history of discovery brawls over the past three years. (*See* Caufield Decl. Ex. 2.) In the years leading up to the present dispute, Angeles served a number of document subpoenas on Defendant McKesson Corp. ("McKesson") related to its former subsidiary McKesson Chemical Company's ("MCC") operation of a chemical distribution facility near Los Angeles. (*See* Dkt. No. 5 ("Mot.") at 2.) The parties in the underlying case have apparently managed the production of documents without a protective order concerning the production of commercially sensitive or otherwise confidential information. Angeles also served subpoenas in 2003 and 2005 on Univar, seeking documents retained by Univar as a result of its predecessor's acquisition of MCC from McKesson in 1986. (*Id.*) Pursuant to the agreement arising from that acquisition, Univar is obligated to maintain and make available to McKesson all documents retained by Univar relating to MCC's "financial, tax, accounting, litigation, claims, and environmental matters." (Caufield Decl. Ex. 3, at 65.)

After initially disclaiming possession of any responsive documents, in December 2005 Univar identified 348 boxes on its premises that contain an uncertain quantity of documents responsive to Angeles's subpoenas. (Mot. 2.) Having already been admonished for its dilatory discovery practices, McKesson exercised its rights under the acquisition agreement by requesting that Univar allow Angeles to inspect the full set of 348 boxes. (Dkt. No. 8 ("Opp'n") at 2–3.) Univar capitulated but insisted that it be permitted to conduct its own initial screen of all 348 boxes to identify confidential or commercially sensitive documents. (*Id.* 5.) Univar then permitted plaintiff's counsel to begin reviewing boxes that Univar had already screened, but insisted on a protective order when plaintiff's counsel began scanning and copying certain documents during his review. (Mot. 4.)

Counsel for Univar and Angeles have engaged in a series of heated and counterproductive "meet and confer" communications (*see, e.g.*, Schenk Decl. Exs. J–M), and have been unable to reach a mutually agreeable form of protective order. Univar insists that it stands ready to permit unfettered review of all 348 boxes upon entry of an agreeable protective order that would limit Angeles's use of the documents to the underlying litigation. (Mot. 9.) Angeles responds that Univar has no standing to insist

ORDER – 2

on a protective order in light of McKesson's exercise of its contractual rights to permit access to the documents, and further that McKesson's abusive discovery tactics dictate complete and unrestricted access to those documents. (Opp'n 7.) Because the subpoenas in question issued from this district, Univar now seeks a protective order in substantially the form it has submitted at docket number 5.

## II.  LEGAL ANALYSIS

### A.  Jurisdictional Issues

As an initial matter, Angles contests this Court's jurisdiction to hear Univar's motion. Because Univar is obligated under the acquisition agreement to provide McKesson with access to retained MCC records, Angeles argues that Univar's 348 boxes of documents must be produced *by McKesson* subject to subpoenas issued in the Central District of California. (Opp'n 4–5.) The Court disagrees, and finds that the proper forum for this discovery dispute is in this district. Because the challenged subpoenas to Univar issued from this district (Schenk Decl. Exs. C, E), and the documents to be inspected are present in this district (Schenk Reply Decl. ¶ 8), the Civil Rules require the parties to seek orders to compel or restrict production in this Court. *See* FED. R. CIV. P. 26(c), 37(a)(1), 45(c)(2)(B), 45(c)(3)(A).

### B.  Necessity of a Protective Order

Because Univar has expressed its willingness to provide access to all 348 boxes of documents upon entry of its proposed protective order, the issue before the Court is limited to whether Univar has made the required showing of confidentiality and potential harm justifying a protective order. Rule 45(c)(3)(B) permits a non-party to whom a subpoena is directed to move for modification or quashing of the subpoena upon a showing that the subpoena "requires disclosure of a trade secret or other confidential research, development, or commercial information." Similarly, Rule 26(c) requires the movant to show that a protective order would prevent "annoyance, embarrassment, oppression, or undue burden or expense." Upon such a showing, the court may order that discovery "be had only on specified terms or conditions," and that "confidential research, development, or commercial information not be revealed or revealed only in a designated way." FED. R. CIV. P. 26(c). The party moving for a protective

ORDER – 3

order "bears the burden, for each particular document it seeks to protect, of showing that specific prejudice or harm will result if no protective order is granted." *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1131 (9th Cir. 2003).

Univar has not made the required showing that, absent a protective order, it will be exposed to an undue risk of improper dissemination of its commercially sensitive or otherwise confidential information. It has not identified a single document among the 348 boxes that contains such sensitive information. Despite having conducted its own internal review of at least half of these documents, Univar can only assert that "certain records . . . *may* contain highly sensitive, proprietary, or otherwise confidential information or trade secrets." (Mot. 1 (emphasis added)); *see also Foltz*, 331 F.3d at 1131 (reversing "blanket protective order" that did not require showing of confidentiality as to specific documents). Univar did not submit any examples of actual or potential confidential information contained in these documents, so the Court has been able to review only the document indices (Schenk Decl. Exs. H, I); few if any of the documents appear to merit a confidentiality designation, given their generalized and apparently innocuous descriptions.

Nor has Univar shown that the documents are of such a recent vintage that it would be exposed to serious harm if the documents were produced without a protective order. (Opp'n 9–10.) Indeed, there appear to be very few documents post-dating Univar's predecessor's acquisition of MCC in 1986. (Schenk Decl. Exs. H, I); *see also Deford v. Schmid Prods. Co.*, 120 F.R.D. 648, 654 (D. Md. 1987) ("Speculative allegations of injury from the disclosure of years-old information are not sufficient to warrant issuance of a protective order.").

Finally, in lieu of a showing of specific harm, Univar claims a "well-grounded fear" that its documents "will be used improperly for purposes unrelated to [the underlying case]." (Reply 6.) This generalized assertion of potential harm is insufficient. *See Foltz*, 331 F.3d at 1131 ("[Movant] has not asserted, much less shown, specific harm or prejudice that it expects will arise from disclosure of any particular documents produced in discovery . . . .").

ORDER – 4

### III. CONCLUSION AND ORDER

Although Univar is a non-party, it agreed to maintain documents relating to MCC's activities for McKesson's use and benefit. McKesson has now exercised those rights and requested Univar to disclose all of those documents to Angeles without restriction and—as McKesson has apparently done in the underlying case—without a protective order. Because Univar has consented to McKesson's request to allow Angeles to review all 348 boxes, including those documents that may have little or no relevance to the underlying case, the Court will not consider at this time Univar's objections to the scope of Angeles's subpoenas.

For the foregoing reasons, the Court hereby DENIES Univar's motion for a protective order. The Court DIRECTS Univar and Angeles to engage in additional discussions to agree upon a means of review and production consistent with McKesson's rights under the acquisition agreement and with the parties' practices in the underlying lawsuit.

SO ORDERED this 10th day of March, 2006.

_____
UNITED STATES DISTRICT JUDGE

ORDER – 5